# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXEI HAY,<br><br>                Plaintiff,<br>v.<br><br>3LAB, INC. and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. **2:23-cv-4198**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ALEXEI HAY, by and through his undersigned counsel, brings this Complaint against Defendant 3LAB, Inc. ("3 Lab") and DOES 1 through 10, inclusive, and alleges as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing address of the parties to this action are:

    Alexei Hay
    c/o Higbee & Associates
    1504 Brookhollow Drive, Suite 112
    Santa Ana, CA 92705

    3 Lab, Inc.
    61 W. Hunter Ave
    Maywood, New Jersey 07607

/ / /
/ / /
/ / /
/ / /
/ / /

## NATURE OF THE ACTION

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## PARTIES

3. Plaintiff Alexei Hay ("Hay") is an individual and professional photographer residing in the State of New York.

4. Upon information and belief, 3 Lab, Inc. is a New Jersey corporation duly organized and existing under the laws of the State of New Jersey.

5. The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of New Jersey, and/or it transacts business in the State of New Jersey.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Alexei Hay*

10. Hay is a highly successful photographer. His work draws upon the catholic range of lighting techniques that he encountered as an apprentice, creating his own unique approach to portrait photography.

11. Hay's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, Rolling Stone, Esquire, Glamour, Variety,* and *Harper's Bazaar*.

12. Hay licenses his work for a fee.

13. Hay's livelihood depends on receiving compensation for the works he produces, and the copyright protection afforded to his work deters would-be infringers from copying and profiting from his work without permission.

14. Hay is the sole author and exclusive rights holder to a photograph of actress Jennifer Anniston, smiling over her right shoulder, wearing a white blazer jacket ("Hay Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Hay Photograph.

16. Hay registered the Hay Image with the United States Copyright Office under Registration Number VA 2-306-592 with an effective date of June 15, 2022.

### *Defendant 3Lab, Inc.*

17. Upon information and belief, 3Lab, Inc. is the owner and operator of the website https://www.3lab.com/ ("3Lab Website").

3

18. According to the 3Lab Website, 3Lab is global leader in high-technology skincare, specializing in high-end antiaging products, including creams and serums, promising quick and noticeable results.

19. 3LAB has been behind some of the biggest breakthroughs in the beauty industry. It Within the company are over 40 chemists who discover and utilize the highest-grade botanical ingredients and innovative scientific technology to "contest the forces of nature and time.

20. 3Lab maintains a Facebook account at https://www.facebook.com/3LABSkincare/ ("3Lab Facebook Account").

21. Attached as Exhibit B is a true and correct screenshot of the 3Lab Facebook Account which includes a link to the 3Lab Website.

22. Upon information and belief, 3Lab generates content on the 3Lab Website and the 3Lab Facebook Account to attract user traffic, market and promote its products, and increase its customer base and revenue for the company.

23. At all relevant times, the 3Lab Website and the 3Lab Facebook Account were readily accessible to the general public throughout New Jersey, the United States, and the world.

24. At all relevant times, Defendant 3Lab had the ability to supervise and control all content on the 3Lab Website and the 3Lab Facebook Account.

### *Defendant's Unauthorized Use of the Hay Photograph*

25. On or about August 11, 2020, Hay discovered the Hay Photograph being used by 3Lab on the 3Lab Facebook Account in a post with added text next to the Hay Photograph that reads, "There are no regrets in life, just lessons," seemingly attributing that quote to Jennifer Aniston, and additional text, within the post itself, that reads "Something can be learned from every experience."

26. Attached hereto as Exhibit C is a true and correct screenshot of the Hay Photograph as used on the 3Lab Facebook Account.

27. Hay Archive does not have a record of the Hay Photograph being licensed to Defendant nor did Hay grant Defendant permission or authorization to use, make a copy, or publicly display the Hay Photograph on the 3Lab Facebook Account.

### *Defendant's Infringing Conduct*

28. Upon information and belief, the purpose of 3Lab's use of the Hay Photograph on the 3Lab Facebook Account was to provide high-quality and aesthetically enticing content on the 3Lab Facebook Account congruent with 3Lab's marketing goals.

29. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Hay Photograph and caused the Hay Photograph to be uploaded to and displayed on the 3Lab Facebook Account.

30. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, posted, publicized, and otherwise held out to the public Hay's original and unique Hay Photograph for commercial purposes in order to acquire a direct financial benefit, through revenue from the sales of 3Lab's products, from the use of the Hay Photograph.

31. Upon information and belief, Defendant's use of the Hay Photograph is willful because *inter alia,* Defendant knew, or should have known, it did not have permission or a legitimate license to use the Hay Photograph on the 3Lab Facebook Account.

32. After discovering the unauthorized use of the Hay Photograph, Hay, through counsel, sent cease and desist correspondence to Defendant and communicated with Defendant, through his counsel, numerous times in an attempt to resolve this matter.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

33. Hay incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Hay owns a valid copyright in the Hay Photograph.

35. Hay registered the Hay photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and displayed Hay's unique and original Hay Photograph without Hay's consent or authorization in violation of 17 U.S.C. § 501.

37. As a result of 3Lab's violations of Title 17 of the U.S. Code, Hay has sustained significant injury and irreparable harm.

38. As a result of 3Lab's violations of Title 17 of the U.S. Code, Hay is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

39. As a result of 3Lab's violation of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs from 3Lab as part of the costs pursuant to 17 U.S.C § 505.

40. Hay is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against 3Lab as follows:

- For a finding that Defendant infringed Hay's copyright interest in his Hay Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all profits attributable to the infringements as provided by 17 U.S.C. §504(b) in an amount to be proven;
- For costs of litigation pursuant to 17 U.S.C. § 505;
- For an injunction preventing 3Lab from further infringement of all of Hay's copyrighted works pursuant to 17 U.S.C. § 502;
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 4, 2023                             Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Alexei Hay, hereby demands a trial by jury in the above matter.

Dated: August 4, 2023                               Respectfully submitted,

**/s/ Melissa Clark**
Melissa Clark, Esq.
NJ State Bar No. 30812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
mh@higbee.law
*Counsel for Plaintiff*